

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

CHRISTOPHER J. CHRISTIE
*United States Attorney*

JASON M. RICHARDSON
*Assistant U.S. Attorney*

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    856/757-5026
401 Market Street, 4th Floor                          Fax: 856/968-4917
Post Office Box 2098                          Direct dial: 856/968-4869
Camden, New Jersey 08101

April 27, 2006

Richard Sparaco, Esquire
1930 Route 70 East
Suite I-46
Cherry Hill, NJ  08003

Re:   Plea Agreement with Craig Orler

Dear Mr. Sparaco:

    This letter sets forth the plea agreement between your client, Craig Orler, and the United States Attorney for the District of New Jersey ("this Office"). This offer shall expire at the close of business on **May 12, 2006** should a signed copy of this agreement not be returned by that date.

### Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Craig Orler to the two-count Information, charging him with: <u>Count 1</u> possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2; and <u>Count 2</u> conspiracy to deal in firearms without a license, contrary to 18 U.S.C. §§ 922(a)(1)(A), in violation of 18 U.S.C. § 371. If Craig Orler enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Craig Orler for his possession and sale of firearms, namely: (1) Winchester rifle, with an obliterated serial number; (2) Remington, Model 550-1, .22 caliber rifle; (3) JP Sauer and Sohn revolver, .32 caliber, serial number 316901; (4) Marlin, Model 55, 12 gauge shotgun; (5) Browning, 12 gauge shotgun, serial number OV27081; (6) Marlin, Model 336, .35 caliber rifle, serial number T1114; (7) Springfield, Model 67H, 12 gauge shotgun, serial number A025138; (8) Winchester, Ranger Model 120, 20 gauge shotgun, serial number L1754524; (9) Browning, Model Light 12, 12 gauge shotgun, serial number 47292; (10) Remington, Model Gamemaster 760, .30-06 caliber rifle, serial number 462289; (11) A. Francotte, double barrel shotgun, serial number 32061; and (12) Stevens, Model, 311, 12 gauge shotgun, serial number 5100, in Salem County, New Jersey from in or about April 25, 2005 to in or about May 20, 2005. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Craig Orler may be commenced against him, notwithstanding the expiration of the limitations period after Craig Orler signs the agreement. Craig Orler agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Craig Orler signs the

agreement.

Sentencing

The violation of 18 U.S.C. §§ 922(g)(1) and 2, in Count 1 to which Craig Orler agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000 (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 371, in Count 2 to which Craig Orler agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000 (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Craig Orler is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Craig Orler ultimately will receive.

Further, in addition to imposing any other penalty on Craig Orler, the sentencing judge: (1) will order Craig Orler to pay an assessment of $100 for Count 1 and $100 for Count 2 pursuant to 18 U.S.C. § 3013, for a total of $200, which assessment must be paid on or before the date of sentencing; (2) may order Craig Orler to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Craig Orler, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, must require Craig Orler to serve a term of supervised release of up to 3 years on each count, which will begin at the expiration of any term of imprisonment imposed. Should Craig Orler be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Craig Orler may be sentenced to not more than 2 years' imprisonment on each count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Craig Orler by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Craig Orler's activities and relevant conduct with respect to this case.

Stipulations

This Office and Craig Orler agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Craig Orler from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Craig Orler waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that

- 3 -

may be pending or commenced in the future against Craig Orler. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Craig Orler.

No Other Promises

This agreement constitutes the plea agreement between Craig Orler and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: JASON M. RICHARDSON
Assistant U.S. Attorney

APPROVED:

WILLIAM E. FITZPATRICK
Deputy U.S. Attorney

      I have received this letter from my attorney, Richard Sparaco, Esquire, I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 5/11/06
Craig Ofler

_____  Date: 5/11/06
Richard Sparaco, Esquire

Plea Agreement With Craig Orler

Schedule A

1. This Office and Craig Orler recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Craig Orler nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Craig Orler within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Craig Orler further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2005 applies in this case. The applicable guideline is U.S.S.G. § 2K2.1. The defendant was convicted of at least two violent or controlled substance felonies prior to April 2005. Therefore, the base offense level is at least 24. See U.S.S.G. § 2K2.1(a)(2).

3. Since the offense involved more than 8 firearms but less than 24 firearms, the Base Offense Level is increased by 4 levels, pursuant to U.S.S.G. § 2K2.1 (b)(1)(B).

4. Since the Winchester rifle had an altered or obliterated serial number, the Base Offense Level is increased by 2 levels, pursuant to U.S.S.G. § 2K2.1 (b)(4).

5. Since the firearms involved were stolen during a burglary, the Base Offense Level is increased by 2 levels, pursuant to U.S.S.G. § 2K2.1 (b)(4).

6. The adjusted offense level for the charge offense is 32. However, the cumulative offense level determined from the application of subsections (b)(1) through (b)(4) may not exceed level 29. Therefore, the offense level is 29.

7. The parties agree that pursuant U.S.S.G. § 3D1.2, Counts 1 and 2 group together for the purposes of sentencing.

8. As of the date of this letter, Craig Orler has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Craig Orler's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Craig Orler has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Craig Orler enters a plea

pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Craig Orler's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Craig Orler will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Craig Orler is 26 (the "agreed total Guidelines offense level").

11. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 26 is reasonable.

12. Craig Orler knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 26. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 26. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

14. The parties agree that to recommend a sentence of 12 years and it is reasonable. Further, the parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment.